UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FIRST BAPTIST CHURCH MINERAL WELLS, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-949 |
| BROTHERHOOD MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**DEFENDANT BROTHERHOOD MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Brotherhood Mutual Insurance Company ("Brotherhood" or "Defendant") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states the following:

## I.   INTRODUCTION

1. Plaintiff First Baptist Church Mineral Wells ("First Baptist" or "Plaintiff") commenced this lawsuit on September 4, 2024 by filing Plaintiff's Original Petition ("Petition") in the 29th Judicial District Court, Palo Pinto County, Texas.[1]

2. The lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by Brotherhood Mutual for hail and wind damage purportedly sustained to its property during weather events on or about March 17, 2023.

3. Plaintiff's Original Petition, which includes a jury demand, names Brotherhood Mutual Insurance Company ("Brotherhood" or "Defendant") as defendant.

4. Defendant Brotherhood hereby provides notice that the action styled *First Baptist*

---

[1] *See* Pls.' Orig. Pet., attached as **Exhibit C-1.**

*Church Mineral Wells v. Brotherhood Mutual Insurance Company,* Cause No. C51455, in the 29th Judicial District Court in Palo Pinto County, Texas is hereby duly removed to the United States District for the Northern District of Texas, Fort Worth Division.

## II.    REMOVAL IS TIMELY

5.    Plaintiff served Brotherhood with its Original Petition on September 5, 2024. Accordingly, Brotherhood files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b), and thus Defendant Brotherhood's removal is timely.

## III.    BASIS FOR REMOVAL

1.    Venue is proper in the United States District Court for the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

6.    Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. These two conditions are satisfied in this matter.

**A.    Removal is proper because complete diversity of citizenship exists between Plaintiff and Defendant Brotherhood Mutual.**

7.    Brotherhood Mutual, an insurance company, was at the time this lawsuit was filed and is on the date of this Notice a corporation organized under the laws of the State of Indiana, with its principal place of business in Fort Wayne, Indiana. Consequently, Brotherhood Mutual is a citizen of the state of Indiana for purposes of diversity citizenship.

8.    Plaintiff First Baptist Church Mineral Wells is, and was at the time this lawsuit was filed, a domestic nonprofit corporation organized under the laws of the State of Texas with its principal place of business in Texas. Accordingly, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.

9. Because Defendant is a citizen of Indiana, and Plaintiff is a citizen of Texas, complete diversity of citizenship exists between Defendant and Plaintiff, both now and on the date Plaintiff filed this lawsuit.

**B. Removal is Proper because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[2]

11. Here, Plaintiff's Original Petition states that Plaintiff seeks to recover "monetary relief over $1,000,000, exclusive interest and costs" in this lawsuit.[3] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000. Brotherhood denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Because there is complete diversity between both parties and the amount in controversy exceeds $75,000, excluding interest and costs, this Court has jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

---

[2] *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

[3] *See* Pls.' Ori. Pet., attached as **Exhibit C-1** at p.2.

## IV. COMPLIANCE WITH 28 U.S.C. § 1446

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the County Clerk of Palo Pinto County, Texas promptly after the filing of this Notice.

14. As required by 28 U.S.C. § 1446(a), and Local Rule 81, a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a. An index of all documents attached to (or filed with) this Notice that clearly identifies each document and indicates the date the document was filed in state court (if applicable), attached hereto as **Exhibit A**;

    b. A copy of the docket sheet in the state court action, attached hereto as **Exhibit B**;

    c. Each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached hereto as **Exhibits C-1 through C-3**; and

    d. A separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e)—attached hereto as **Exhibit D**.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

## V. CONCLUSION

16. WHEREFORE, Defendant Brotherhood Mutual Insurance Company respectfully requests that this action be removed from the 29th Judicial District Court, Palo Pinto County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Eric K. Bowers*
    Eric K. Bowers
    Texas Bar No. 24045538
    ebowers@zellelaw.com
    Mariana P. Best
    Texas Bar No. 24132505
    mbest@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT BROTHERHOOD MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on October 4, 2024:

Preston J. Dugas Ill
State Bar No. 24050189
pdugas@dcclawfirm.com
Jordan M. Torry
State Bar No. 24058152
jtorry@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

    */s/ Eric K. Bowers*
    Eric K. Bowers